# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1705015040 |
| | ) | |
| | ) | |
| KEENAN J. ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 16, 2021
Decided: April 23, 2021

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED AND COUNSEL'S MOTION TO WITHDRAW AS COUNSEL SHOULD BE GRANTED

.

Zachary D. Rosen, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Patrick J. Collins, Esquire, Wilmington, Delaware, Attorney for Keenan J. Anderson

Kennan J. Anderson, James T. Vaughn Correctional Center, Smyrna, Delaware

**MAYER,** Commissioner

This 23rd day of April, 2021, upon consideration of Defendant's Motion for Postconviction Relief, the Motion to Withdraw, and all related pleadings, I hereby recommend as follows:

**BACKGROUND**

In May of 2017, Keenan J. Anderson ("Defendant") was wanted on an active warrant related to a robbery and shooting incident (the "Robbery Charges"). Defendant was apprehended and searched. At the time of the search, police recovered a firearm from his pants. Defendant was indicted on the Robbery Charges as well as Possession of a Firearm by a Person Prohibited ("PFBPP") and Carrying a Concealed Deadly Weapon ("CCDW" and collectively with the PFBPP the "Weapon Charges"). The Weapon Charges were severed and proceeded to trial first.[1] On January 23, 2018, Defendant was convicted of the Weapon Charges.[2]

The State filed a Moton to Declare Defendant an Habitual Offender, and on October 25, 2018, the Court granted the motion. Defendant was sentenced to the minimum mandatory of 23 years at Level V. Defendant filed a timely appeal and on May 14, 2019, the Delaware Supreme Court issued a Mandate and affirmed the Superior Court Judgment.[3]

---

[1] Prior to trial, the parties stipulated to the fact that Defendant was a person prohibited from possessing a firearm. D.I. # 20.

[2] The jury did not find Defendant guilty of Possession of Ammunition by a Person Prohibited.

[3] D.I. # 42, Case # 578, 2018.

On April 16, 2020, Defendant filed a Motion for Postconviction Relief and a Motion for Appointment of Counsel.[4] The Court entered an order appointing counsel and set a briefing schedule. However, on March 23, 2021, Postconviction Counsel filed a Motion to Withdraw with a Memorandum of Law in Support.[5] Defendant was afforded an opportunity to respond to the Motion to Withdraw and did so by filing a Response.[6] After considering the Motion to Withdraw and Defendant's Response, I do not believe any further briefing would assist with the Court's decision in this matter.

## ANALYSIS OF CLAIMS

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[7] Defendant's Motion was timely filed within one year of the date of the issuance of the Supreme Court mandate.[8] Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4) though, any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of

---

[4] D.I. # 45, 46.

[5] D.I. # 53, 54.

[6] D.I. # 59.

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[8] Super. Ct. Crim. R. 61(m)(2) and Super. Ct. Crim. R. 61(i)(1).

3

conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. However, ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[9] The fact that counsel did not raise an argument or objection during the trial, or on appeal, does not bar a defendant from alleging that counsel's failure amounted to ineffective assistance.[10]

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness **and** the deficiencies in counsel's representation caused the defendant actual prejudice.[11] When reviewing such a claim, the Court must analyze counsel's conduct based upon all of the facts of the case and avoid peering through the lens of hindsight.[12] Defendant must show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.[13] "A defense attorney may not be faulted for a reasonable

---

[9] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[10] *See Malloy v. State*, 2011 WL 1135107, at *2 (Del. Mar. 28, 2011); *Brodie v. State*, 2011 WL 927673, at *1 (Del. Super. Mar. 17, 2011); *State v. Ross*, 2004 WL 2735515, at *2 (Del. Super. Nov. 22, 2004).

[11] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[12] *State v. Wright*, 653 A.2d 288, 295 (Del. Super. 1994).

[13] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super. May 23, 2012).

miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."[14] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[15] Further, in order to prevail on an ineffective assistance of counsel claim, a defendant must show that but for the errors, there is a reasonable probability that the outcome of the proceedings would have been different.[16] In doing so, Defendant must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[17]

Defendant's Response presents eight (8) claims for consideration. The claims are either procedurally barred or as noted by Postconviction Counsel, without merit. To ensure full and fair consideration of Defendant's claims, each will be addressed below.

Defendant's first and second claims argue that the prosecutor erred by failing to call the Firearm Examiner at the time of trial and Trial Counsel erred by failing to raise the issue of the investigation surrounding Carl Rone. These claims are

---

[14] *Id.*, at *4 (holding defense counsel provided active and capable advocacy when evidence against Defendant was overwhelming) (citing *Harrington v. Richter*, 131 S. Ct. 770, 787-792 (2011)).

[15] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super. Feb. 26, 2013).

[16] *Strickland*, 466 U.S. at 687-88, 694; *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[17] *State v. Wright*, 653 A.2d at 293-94 (citations omitted).

procedurally barred because Defendant failed to present the issues during trial or on appeal.[18]  To the extent Defendant intended to assert these claims as ineffective assistance of counsel claims, they could not be presented at an earlier stage in the proceedings and may be considered here.  However, as noted by Postconviction Counsel, Rone's testimony and/or investigation were not relevant to Defendant's trial.

By letter dated January 19, 2018, the State informed Defendant that the Firearms Examiner, Carl Rone, had been suspended and the State did not intend to present him as a witness in the case.  The State though called three law enforcement witnesses.  Detective Mullin testified that he performed the search of Defendant's person and removed a firearm from Defendant's pants.  Detective Mullin turned over the gun to Detective Schupp who identified the gun presented at trial as the one located on Defendant at the time of arrest.  According to the State's witnesses, Defendant admitted that the gun belonged to him.  The State was not required to call Rone as a witness to meet its burden that Defendant was in possession of a firearm. The three witnesses sufficiently supported the State's case.  Trial Counsel's decision not to object was reasonable because the issues surrounding Rone were not relevant

---

[18]  Super. Ct. Crim. R. 61(i)(3).

to the trial.[19]  Thus, Defendant cannot establish the first prong of his claim of ineffective assistance of counsel in relation to Rone's involvement.

Defendant's third, fourth and fifth claims surround purported fingerprint and DNA evidence.  Defendant believes that the firearm was placed in a box and labeled for fingerprint and DNA testing but neither test was conducted.  Defendant therefore believes the State withheld evidence and Trial Counsel was ineffective for not challenging the lack of evidence.  Again, these claims are procedurally barred pursuant to Rule 61(i)(3) and will only be considered if they present a claim of ineffective assistance of counsel.  Detective Schupp testified that since the gun was found on Defendant, the police did not go forward with fingerprint and DNA testing. The State was not required to conduct the testing nor did it withhold evidence. [20] Trial Counsel cross-examined Detective Schupp about the testing performed and in closing arguments highlighted the lack of DNA or fingerprint testing.  Defendant has not established that Trial Counsel's conduct was objectively unreasonable, nor has he provided any evidence to demonstrate that he suffered any prejudice from the lack of evidence, *i.e.* that the testing, if conducted, would have weighed in his favor.

---

[19]  Although Rone's testimony may have been relevant to the Robbery Charges, that issue is not before the Court through this motion and does not bear upon the Court determination of the validity of the Weapon Charges.

[20]  Postconviction Counsel correctly cites that the State is not required to present DNA or fingerprint testing. *See Davis v. State*, 2014 WL 3943100 (Del. Aug. 12, 2014).

Defendant's sixth claim simply states, "Ineffective for not calling a witness to the stand." Mere allegations of ineffective assistance of counsel are insufficient. As Defendant has failed to provide any additional details to support this claim, it should be dismissed outright.

Defendant's seventh claim focuses on the fact that Trial Counsel originally objected to the admission of the weapon because of purported deficiencies in the chain of custody, but then failed to properly cross-examine the State's witness on this issue. This appears to be a true ineffective assistance of counsel claim and is therefore not prohibited by the procedural barriers. At the time of trial, Trial Counsel objected to the admission of the gun and ammunition into evidence.[21] The Court overruled the objection but found that the issue could properly be addressed through cross-examination.[22] However, when the opportunity arose, Trial Counsel did not challenge the chain of custody on cross-examination. At sidebar, Trial Counsel indicated that he did not want to violate attorney-client privilege by revealing certain information, the answers may not be relevant, and in fact, could be prejudicial to his client since the Robbery Charges involved a shooting incident that was pending.[23]

---

[21] Motion to Withdraw Appendix at 136.

[22] *Id.* at 137.

[23] *See* Appendix at 139-140.

Trial Counsel did attempt to sway the jury by pointing out flaws in the chain of custody during closing arguments.

The United States Supreme Court has strongly cautioned that the courts must avoid the "distorting effects of hindsight" or grading counsel's performance.[24] Otherwise, a defendant could too easily challenge a particular strategic choice simply because the effort failed to garner the relief sought.[25] Further, there are "countless" ways by which counsel may defend a client, and no two advocates may necessarily see the case the same way. As such, defense counsel has "wide latitude in making tactical decisions" and enjoys a strong presumption that his conduct was the result of sound trial strategy.[26] "Effective representation does not require that the Defendant prevail nor that his counsel doesn't make mistakes."[27] The Court must review all of the circumstances, and after applying a heavy measure of deference to

---

[24] *Ploof v. State*, 75 A.3d 811, 821-825 (Del. 2013), citing *Strickland,* at 689-690, 687.

[25] *State v. Fletcher*, 2015 WL 2438271, at *5 (Del. Super. May 19, 2015); *State v. Gattis*, 2011 WL 1458484, at *9 (Del. Super. Mar. 22, 2011) (the court must avoid judging effectiveness of trial strategy simply because the theory advanced was unsuccessful). *See also, State v. Wright*, 1998 WL 734771, at *8 (Del. Super. Sept. 28, 1998) (finding that although trial counsel's strategy was risky, it was not unreasonable nor ineffective).

[26] *State v. Fletcher*, 2015 WL 2438271, at *5, citing *Harrington v. Richter*, 131 S.Ct. 770, 788–789 (2011); *Thomas v. Varner*, 428 F.3d 491, 498-500 (3d. 2005) (finding that once it is determined that trial counsel had an informed strategy, there is a strong presumption of effective assistance that is virtually unchallengeable).

[27] *State v. MacDonald*, 2007 WL 1378332, at *8 (Del. Super. May 21, 2007).

counsel's judgments, determine whether the decisions made were reasonable.[28]  In the present case, Defendant has not established that Trial Counsel's strategic decision was unreasonable.  A review of the record demonstrates that Trial Counsel was intentionally protecting Defendant from the possibility of testimony that would implicate him not only with respect to the pending matter but other serious charges as well.  And, since Defendant has not provided any reason to believe the outcome would have been different had the cross-examination gone forward, he has not established ineffective assistance of counsel.

Defendant's eighth argument challenges the selection and neutrality of certain jurors. Defendant presented these claims on direct appeal and the Delaware Supreme Court found that, "[t]he Superior Court was in the best position to evaluate the ability of the three jurors to render a fair verdict. Anderson has not shown any plain error in the Superior Court's determination that these jurors could render a fair verdict." As such, these claims are procedurally barred pursuant to Super. Ct. Crim. R. 61 (i)(4).

Finally, Defendant has not challenged the Court's jurisdiction, nor has he cited any new constitutional law or new evidence to justify an exception to the procedural bars.[29]  Further, Defendant has not established cause for relief from the procedural

---

[28] *Strickland*, at 691.

[29] Super. Ct. Crim. R. 61(i)(4), (5) and (d)(2)(i) or (2)(ii).

defaults or prejudice from a violation of his rights.[30]  Therefore, for the reasons set forth above, Defendant's Motion for Postconviction Relief should be DENIED.

## MOTION TO WITHDRAW AS COUNSEL

Pursuant to Superior Court Criminal Rule 61(e)(7), appointed counsel may move to withdraw if they have considered the movant's claims to be lacking in merit and counsel cannot ethically advocate the claims.  Counsel is required to investigate whether there are any other substantial grounds for relief available to the movant.  In the present case, Postconviction Counsel filed a Motion to Withdraw with a Memorandum of Law in Support, and an Appendix, citing each of Defendant's claims and the reasons why each claim lacks a basis for relief.  Postconviction Counsel also affirmed that they thoroughly reviewed, and discarded, the possibility of any additional claims.  I am satisfied that Postconviction Counsel made a conscientious examination of the record and the law for claims and there are no other claims justifying further review.[31]

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED and the Motion to Withdraw should be GRANTED.

**IT IS SO RECOMMENDED.**

/s/ Katharine L. Mayer
Commissioner Katharine L. Mayer

---

[30] Super. Ct. Crim. R. 61(i)(3)(A), (B).
[31] *See State v. Coston*, 2017 WL 6054944, at *2 (Del. Super. Dec. 7, 2017).

11

oc:    Prothonotary
        Zachary D. Rosen, Deputy Attorney General
        Patrick J. Collins, Esquire
        Keenan J. Anderson (SBI 00417279)